**FILED**
JUN 1 9 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anton Purisima, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0990** |
| ) | |
| Andre McBride *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and this action will be dismissed as time-barred. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal "at any time" of a complaint that fails to state a claim upon which relief may be granted).

Plaintiff, a resident of New York, New York, has submitted a complaint for personal injuries allegedly suffered on June 2, 2008, when plaintiff, while crossing the street in the District of Columbia, was allegedly hit by defendant on a motorcycle. Compl. at 1. The instant complaint is based on the same events underlying the nearly identical complaint this Court dismissed on September 15, 2010, for plaintiff's failure to prosecute. *See Compl., Purisima v. McBride*, 09-cv-1065 (RMU).

Under District of Columbia law, a personal injury action must be brought within one or three years of its accrual, depending on the facts of the case. *See* D.C. Code § 12-301(4), (8). Referring to the dismissed complaint, plaintiff states that "[t]his case is timely filed due to the underlying case was filed on June 1, 2009 within one (1) year from the incident on June 2,



2008."[1] Compl. ¶ 6. But "under District of Columbia law, the pendency of an action involuntarily dismissed [with or] without prejudice does not operate to toll the running of the statute of limitations." *Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981); *see accord Melara v. China North Industries, Corp.*, 658 F. Supp. 2d 178, 181 (D.D.C. 2009) ("plaintiff cannot assert an equitable tolling defense based on the timely filing of a claim that was later dismissed without prejudice"). Since "the outermost limit" under the District's statute of limitations was three years from plaintiff's accrual date of June 2, 2008, *Dupree*, 666 F.2d at 611, the instant complaint received more than four years later on June 4, 2012, comes too late. *See id.* ("In the case at bar, whatever the limitation period applicable, it was not arrested during pendency of appellant's first action which was involuntarily dismissed without prejudice for want of prosecution.") A separate Order of dismissal accompanies this Memorandum Opinion.

                                                  */s/*
                                         United States District Judge

Date: June ___, 2012

---

[1] Plaintiff also asserts that the limitations period was "tolled in the related social security case filing . . . in U.S.D.C., Southern District of New York wherein the incident (motorcycle) was part of the case therein." Compl. ¶ 6. Even if true, this Court is not bound by the rulings of judges in the Southern District of New York.